UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAQ BEY,<br>        Plaintiff,<br>    v.<br>JARED MALEC, et al.,<br>        Defendants. | Case No. 18-cv-02626-SI<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO SET ASIDE ENTRY OF DEFAULT**<br><br>**RE: DKT. NOS. 13-14** |

Currently before the Court is defendants' Motion to Set Aside Entry of Default and Request for Judicial Notice. Dkt. Nos. 13, 14. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. Having considered the papers submitted, and for the reasons discussed below, the Court GRANTS defendants' motion to set aside entry of default and request for judicial notice.

**BACKGROUND**

On March 20, 2018, plaintiff Raq Bey, appearing *pro se*, filed his Complaint in Alameda Superior Court alleging multiple Fourth Amendment violations by defendant police officers. Dkt. No. 1. On March 27, 2018, plaintiff attempted substitute service on defendants by serving a receptionist with the police department. There is no evidence that plaintiff mailed a copy of the complaint to defendants after the attempted substitute service. *Id*.

On April 20, 2018, the Assistant Attorney for Emeryville, Andrea Visveshwara, notified plaintiff that service on March 27, 2018, was improper and offered to accept service on the defendants' behalf. *Id*. Plaintiff subsequently served Ms. Visveshwara on April 20, 2018. *Id*.

Thirteen (13) days later, on May 3, 2018, plaintiff filed for entry of default and default

judgment against defendants. The Superior Court granted entry of default on the same day. *Id*. Defendants removed the case to federal court on May 4, 2018. *Id*.

On May 23, 2018, defendants filed a Motion to Set Aside Entry of Default and Request for Judicial Notice with this Court. Dkt. Nos. 13, 14. Defendants state that, pursuant to California Code of Civil Procedure section 412.20(a)(3), they have thirty (30) days to respond to the Complaint and an additional ten (10) days to respond if served by mail under section 415.20. *Id*. Defendants argue plaintiff improperly filed a Motion for Entry of Default thirteen (13) days after properly serving defendants on April 20, 2018, and the Superior Court made a clerical error in entering default judgment against defendants. *Id*.

Defendants argue that they have demonstrated good cause under Federal Rule of Civil Procedure 55(c), because there was no culpable conduct by the defendants, defendants have a meritorious defense, and granting the motion will not prejudice plaintiff. *Id*. Defendants request the Court set aside the Superior Court's entry of default and grant judicial notice. *Id*. Any opposition to the motion was due on June 6, 2018. To date, plaintiff has not filed an opposition.

## LEGAL STANDARD

### I. Motion to Set Aside Default

Federal Rule of Civil Procedure 55(c) provides the standard for determining whether a motion to set aside an entry of default should be granted. Rule 55(c) states that "[t]he court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." A court has broad discretion to set aside an entry of default. *See Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986). The standard for setting aside an entry of default is less rigorous than the standard for setting aside a default judgment. *See Hawaii Carpenters' Tr. Funds v. Stone,* 794 F.2d 508, 513 (9th Cir. 1986).

The factors used when considering a motion to set aside an entry of default or default judgment are: (1) whether the plaintiff would be prejudiced if the judgment is set aside; (2) whether the defendant has a meritorious defense; and (3) whether defendant's culpable conduct led to the default. *See O'Connor v. Nevada*, 27 F.3d 357, 364 (9th Cir. 1994), *as amended* (July 1,

1994), *as amended* (July 12, 1994); *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988); *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987).

## II. Request for Judicial Notice

Federal Rule of Evidence 201 provides that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

A federal district court may take judicial notice of public records that relate to legal proceedings. *Rose v. Beverly Health & Rehab. Servs., Inc.*, 356 B.R. 18, 23 (E.D. Cal. 2006), *aff'd*, 295 F. App'x 142 (9th Cir. 2008). While "a court may take judicial notice of the existence of matters of public record, such as a prior order or decision," it should not take notice of "the truth of the facts cited therein." *Marsh v. San Diego Cty.*, 432 F. Supp. 2d 1035, 1043 (S.D. Cal. 2006). "Taking judicial notice of findings of fact from another case exceeds the limits of Rule 201." *Wyatt v. Terhune*, 315 F.3d 1108, 1114 (9th Cir. 2003), *overruled on other grounds by Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014); *see also M/V Am. Queen v. San Diego Marine Constr. Corp.,* 708 F.2d 1483, 1491 (9th Cir. 1983) ("[A] court may not take judicial notice of proceedings or records in another cause so as to supply, without formal introduction of evidence, facts essential to support a contention in a cause then before it.").

# DISCUSSION

## I. Motion to Set Aside Default

Defendants request the Court set aside entry of default because they were not provided the full amount of time to file an Answer, and the Superior Court made a clerical error in granting the entry of default. This Court must therefore consider: (1) whether the plaintiff would be prejudiced if the judgment is set aside; (2) whether the defendant has a meritorious defense; or (3) whether defendants' culpable conduct led to the default.

3

**A. Prejudice**

A plaintiff is prejudiced when the plaintiff is hindered from pursuing the claim. *Falk v. Allen*, 739 F. 2d 461, 463 (9th Cir. 1984); *see, e.g.*, *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001) (finding prejudice when setting aside judgment results in greater harm than delaying resolution of the case), *as amended on denial of reh'g and reh'g en banc* (May 9, 2001), *overruled on other grounds by Egelhoff v. Egelhoff ex. rel. Breiner*, 532 U.S. 141 (2001); *Thompson v. American Home Assurance Co.*, 95 F.3d 429, 433-34 (6th Cir. 1996) (finding prejudice when delay results in tangible harm like loss of evidence, increased discovery difficulties, or greater opportunity for fraud or collusion).

Here, defendants argue the case is still in its initial stages and any delay will not cause tangible harm. Dkt. No. 13. Defendants also argue that greater harm will occur if the present motion is denied because it will improperly allow plaintiff to seek early default from the Superior Court. *Id*.

Plaintiff has not filed an opposition to this motion. There is no evidence to suggest that defendants' arguments are untrue. Accordingly, the Court finds that plaintiff will not be prejudiced by setting aside the entry of default.

**B. Meritorious Defense**

Defendants do not have a heavy burden in proving a meritorious defense; a defendant only needs to present specific facts to have a meritorious defense. *TCI*, 244 F.3d at 700; s*ee Madsen v. Bumb*, 419 F.2d 4, 6 (9th Cir. 1969) (finding defendant has no meritorious defense against default judgment when defendant's Answer offered a "mere general denial without facts to support it"); *Franchise Holding II, LLC. v. Huntington Restaurant Grp., Inc.*, 375 F.3d 922, 926 (9th Cir. 2004).

Here, defendants argue that they possess multiple meritorious defenses, including: probable cause to arrest, valid reasons to search, use of reasonable force, and qualified immunity. Dkt. No. 13. In most cases alleging Fourth Amendment violations, such defenses are asserted; the extent to which they can be factually substantiated governs the outcome of the cases. Here,

although such defenses may be theoretically available, defendants have not provided any specific facts to support their claimed defenses. Therefore, this factor has not been met.

### C. Culpable Conduct

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." *TCI*, 244 F.3d at 697 (quoting *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988)). In California, defendants are given thirty (30) days to file an Answer pursuant to California Code of Civil Procedure section 412.20(a)(3), and an additional ten (10) days to respond if served by mail under section 415.20. *See Lee v. City of Beaumont*, 12 F.3d 993, 935 (9th Cir. 1993) (finding service improper when a police officer never authorized any person or entity to accept service on his behalf or substitute service by mail), *overruled on other grounds by Cal. Dept. of Water Resources v. Powerex Corp.*, 533 F.3d 1087 (9th Cir. 2008).

Here, even if the police department receptionist were authorized to accept service on defendants' behalf, no complaint was mailed to defendants. Therefore, service was not completed under section 415.20. In addition, if Ms. Visveshwara is authorized to accept service on behalf of defendants, proper service occurred on April 20, 2018. Plaintiff filed a Motion for Entry of Default only thirteen (13) days after properly serving the complaint. Therefore, defendants were denied the full and proper time to file an Answer. In addition, there is no evidence that defendants intentionally failed to file an Answer after receiving proper notice of the action.

After weighing the factors based on the facts provided, the Court GRANTS the defendants' Motion to Set Aside Entry of Default.

## II. Request for Judicial Notice

A federal district court may take judicial notice of public records that relate to legal proceedings in both state and district court. *Rose,* 356 B.R. at 23 (E.D. Cal. 2006). While "a court may take judicial notice of the existence of matters of public record, such as a prior order or decision," it should not take notice of "the truth of the facts cited therein." *Marsh,* 432 F. Supp.

2d at 1043 (S.D. Cal. 2006).

Defendants request the Court take judicial notice of Plaintiff's Request for Entry of Default ("Exhibit A"), Alameda County Superior Court's Register of Actions ("Exhibit B"), and the Superior Court's Denial of Plaintiff's Request for Default Judgment ("Exhibit C"). Exhibits A-C are public records. The Court GRANTS defendants' request for judicial notice.

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS defendants' Motion to Set Aside Entry of Default and Request for Judicial Notice. Defendants' answer is due no later than July 6, 2018.

**IT IS SO ORDERED**.

Dated: June 27, 2018

_____
SUSAN ILLSTON
United States District Judge