UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAQ BEY,<br><br>    Plaintiff,<br><br>    v.<br><br>JARED MALEC, et al.,<br><br>    Defendants. | Case Nos. 18-cv-02626-SI; 18-cv-02628-SI<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DIMISS AND MOTIONS TO STRIKE**<br><br>Re: Dkt. Nos. 32, 38, 45, 36, 45, 56 |

This Court presently is considering two lawsuits filed by plaintiff Raq Bey, both arising out of plaintiff's October 31, 2017 arrest while driving in Emeryville. Action No. 18-2626 SI names individual Emeryville Police Officers as defendants; Action No. 18-2628 names the City of Emeryville as a defendant. In each action, plaintiff Bey has filed both a First Amended Complaint ("FAC") and a Second Amended Complaint ("SAC"). Both groups of defendants have filed motions to dismiss plaintiff Bey's First Amended Complaint ("FAC") and separate motions to strike plaintiff's Second Amended Complaint ("SAC").[1] The motions are set for hearing on September 28, 2018. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and VACATES the hearing. For the reasons set forth below,

---

[1] Defendants re-noticed their motions to dismiss the FAC on September 13, 2018. 18-cv-2626, Dkt. No. 45; 18-cv-2628, Dkt. No. 56.

the Court GRANTS defendants' motions to dismiss and motions to strike.

## BACKGROUND

*Pro se* plaintiff Raq Bey alleges he was lawfully driving at around midnight on October 31, 2017 in the "Oakland California Republic Territory when an unidentified car . . . turned on their emergency lights and demanded that [he] stop." 18-cv-2626, Dkt. No. 22 at 9. Plaintiff states he was uncomfortable pulling over and called 911. *Id.* While on the phone, plaintiff claims the officers cornered him on a one-way street, ran full speed to his car window, broke the window, and removed him from his vehicle, violently "slamming" him into the concrete where he was "twisted and kicked and smashed in a very painful way." *Id.* Plaintiff states defendant officers never read him his Miranda rights, identified themselves, or told him why he was pulled over. *Id.* at 14. Plaintiff provided his appellation, Raq Bey, and told the officers he did not have a California I.D. *Id.* Defendants identified plaintiff as Quinci Greene from a document in his car.[2] *Id.* at 13.

Plaintiff alleges defendants forced him to take breathalyzer and blood test. *Id.* Plaintiff claims that he passed both tests but was not released. *Id.* Instead, plaintiff alleges he was held for twelve hours in the North County Jailhouse in Oakland before being transferred to Dublin, California, where he was held for seventy-two hours. *Id.* at 13-14. On November 3, 2017, plaintiff was released. He was told no charges would be filed against him. *Id.* at 14. Upon being released, plaintiff discovered his car had been towed. Plaintiff cannot travel to and from work without his vehicle, and cannot afford to regain custody of his vehicle, which is still impounded.

---

[2] Plaintiff identifies with his "appellation"—Raq Bey—not his legal name, Quinci Green.

2

# LEGAL STANDARDS

## I. Federal Rule of Civil Procedure 12(b)(6)

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. PRO. 8(a)(2), and a complaint that fails to do so is subject to dismissal pursuant to Rule 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a Defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*.

*Pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Where a plaintiff is proceeding pro se, the Court has an obligation to "construe the pleadings liberally and to afford the [plaintiff] the benefit of any doubt." *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, pro se pleadings still must allege facts sufficient to allow a reviewing court to determine whether a claim has been stated. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

**DISCUSSION**

**I. Motions to Strike**

Plaintiff filed a Second Amended Complaint in each case without seeking leave of Court. Defendants have moved to strike the SACs. 18-cv-2626, Dkt. No. 36, Dkt. No. 38; 18-cv-2628, Dkt. No. 42, Dkt. No. 45. Federal Rule of Civil Procedure 12(f) provides that a court may, on its own or on motion, "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "A party may amend its pleading *once* as a matter of course [either]: (A) 21 days after serving it, or (B) . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b)[, . . .] whichever is earlier." FED. R. CIV. P. 15(a)(1) (emphasis supplied). Outside of the two specified time frames, "a party may amend its pleading only with the opposing party's written consent or the court's leave," which "[t]he court should freely give leave [to do] when justice so requires." FED. R. CIV. P. 15(a)(2).

In accordance with F.R.Civ.P. 15(a)(1), plaintiff filed a First Amended Complaint in each action without leave of court. However, plaintiff thereafter filed a Second Amended Complaint in each action without obtaining leave from this Court. 18-cv-2626; 18-cv-2628. Additionally, plaintiff's SACs are duplicative of his FACs. They contain the same allegations discussed below without additional factual details. *See* FED. R. CIV. P. 12(f); 18-cv-2626, Dkt. No. 36; 18-cv-2628, Dkt. No. 42. Accordingly, the Court GRANTS defendants' motions to strike plaintiff's Second Amended Complaints.

**II. Claims Alleged under the United Declaration of Human Rights and the U.N. Declaration of Rights of Indigenous Peoples**

Plaintiff alleges that defendant Officers assaulted him in violation of the United Nations Declaration on the Rights of Indigenous Peoples ("UNDRIP") and the Universal Declaration of Human Rights ("UDHR"). 18-cv-2626, Dkt. No. 22 at 5-6; 18-cv-2628, Dkt. No. at 8-1 at 2.

Neither the UDHR nor the UNDRIP is binding in federal court. *Sosa v. Alvarez-Machain*, 542 U.S. 692, 734 (2004) (finding the UDHR is not enforceable in federal court); *Marrakush Soc. v. New Jersey State Police*, No. CIV A 09-2518(JBS), 2009 WL 2366132, at *6, n. 17 (D.N.J. July 30, 2009) (finding the UNDRIP is not binding in federal court). Therefore, the Court DISMISSES all claims related to these declarations without leave to amend.[3]

## III. § 1983 Claims against Individual Officers: Probable Cause

Plaintiff alleges a variety of Fourth Amendment violations against defendant Officers Malec, Goodman, Sheperd, Cristiani, and Yu,[4] including unconstitutional arrest, search, and seizure of himself and his vehicle.[5] 18-cv-2626, Dkt. No. 22 at 5-6. Defendants argue they are not liable because they had probable cause.[6]

A claim of unlawful arrest is cognizable under 42 U.S.C. § 1983 for violation of the Fourth Amendment's prohibition against unreasonable search and seizure, if plaintiff alleges that the arrest was without probable cause or other justification. *See Pierson v. Ray*, 386 U.S. 547, 555-58 (1967); *see, e.g.*, *Fortson v. Los Angles City Atty's Office*, 852 F.3d 1190, 1192 (9th Cir. 2017) (holding the existence of probable cause is complete defense to § 1983 claim alleging false arrest);

---

[3] The Court dismisses all additional claims brought under the Treaty of Peace and Friendship, UNDRIP, or UNDHR without leave to amend.

[4] The Court notes that in any later amended complaint, plaintiff will need to specify which defendant committed which actions. *See* 18-cv-2626, Dkt. No. 22 at 5-6.

[5] Plaintiff further alleges what appears to be either an excessive force claim or a state law assault and battery claim, "Cause of Action #7, #8 Assault and Battery[,]" but does so under treaties and declarations this Court determined are unenforceable. 18-cv-2626, Dkt. No. 22 at 6; s*ee* Discussion § I. If plaintiff wishes to bring an excessive force claim under federal law, he must do so under 42 U.S.C. § 1983 and the Fourth Amendment.

[6] In case 18-cv-2626, the individual officers discuss the City's liability, rather than their immunity. Dkt. No. 32 at 17-18. The Court assumes the contention remains the same in both cases, *i.e*. that there was probable cause for the arrest.

*Graves v. City of Coeur D'Alene*, 339 F.3d 828, 840-41 (9th Cir. 2003) (finding that the plaintiff's refusal to identify himself and refusal to consent to backpack search cannot be the basis for the arrest absent probable cause). An arrest is supported by probable cause if, under the totality of the circumstances known to the arresting officer, a prudent person would have concluded that there was a fair probability that the defendant had committed a crime. *Luchtel v. Hagemann*, 623 F.3d 975, 980 (9th Cir. 2010); *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir.2007) (citing *Beck v. Ohio*, 379 U.S. 89, 91 (1964)). "[P]robable cause is a fluid concept -- turning on the assessment of probabilities in particular factual contexts -- not readily, or even usefully, reduced to a neat set of legal rules." *Illinois v. Gates*, 462 U.S. 213, 232 (1983) (quoted in *Rodis v. City, Cty. of San Francisco*, 558 F.3d 964, 969 (9th Cir. 2009)).

Here, plaintiff was on his cell phone in violation of California Vehicle Code § 23123(a). FAC, 10-11. The police report attached to plaintiff's FAC demonstrates the police pulled plaintiff over for additional infractions, any of which could have constituted valid probable cause for plaintiff's search and seizure. "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." FED. R. CIV. P. 10. "A court may . . . consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice"—in deciding a 12(b)(6) motion. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). These violations include making a U-turn against a red arrow, straddling lanes, and driving on the shoulder of an on ramp.[7] FAC, 23-26. Officer Malec alleges in the police report he smelled alcohol and marijuana. FAC, 24.

If the recitals in the police reports and other documents are true, it appears that the police officers will have had probable cause to arrest plaintiff.[8] Plaintiff's conclusory allegation that he

---

[7] The actions violated Cal. Veh. Code § 21453(c), § 21638(a), and § 21658(b).

[8] With regards to the blood sample and breathalyzer, defendants provided an issued

6

"did not commit any type of crime or break any laws" is inadequate, as a matter of pleading, to avoid this result. However, the Court will grant leave to amend, if plaintiff can, in order to allege facts which will counter the elements of probable cause described above. Any amended claims must be based on 42 U.S.C. § 1983.

This Court GRANTS the motion to dismiss the FAC against defendants Malec, Goodman, Sheperd, Cristiani, and Yu. Plaintiff has leave to amend **no later than October 12, 2018.**

### IV. § 1983 Claims against the Emeryville Police Department, dba City of Emeryville: Respondeat Superior Liability

Plaintiff alleges the City is liable for the § 1983 violations of its officers. 18-cv-2628, Dkt. No. 8 at 3; *see also* Dkt. No. 31. However, under § 1983, there is no respondeat superior liability solely because the municipality employs a person who has violated a plaintiff's rights. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978)*; Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). The mere fact that the alleged individual wrongdoer was employed by a municipality is insufficient to hold the employing institutional defendant liable. *Monell*, 436 U.S. at 691. Local governments are "persons" subject to liability under 42 U.S.C. § 1983 only where official policy or custom causes a constitutional tort. *See id.* at 690.

To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d

warrant. *See* 18-cv-2626, Dkt. No. 23-1, Exh. A. However, the Court requests a full copy of the warrant, as only a part of it is attached.

432, 438 (9th Cir. 1997) (citations omitted). For the City to be liable, plaintiff must plead sufficient facts regarding the specific nature of the alleged policy, custom, or practice to allow the City to effectively defend itself, and these facts must plausibly suggest that the plaintiff is entitled to relief. *See AE v. County of Tulare*, 666 F.3d 631, 636-37 (9th Cir. 2012). It is insufficient to merely allege that a policy, custom, or practice existed or that individual officers' wrongdoing conduct conformed to a policy, custom, or practice. *See id.* at 636-68.

Here, plaintiff does not allege sufficient facts to support a theory of respondeat superior liability against the City. Plaintiff does not allege facts pertaining to policies held or enforced by the City that give rise to the constitutional torts allegedly committed by its employees. *See* 18-cv-2628, Dkt. No. 8 and Dkt. No. 31. Plaintiff makes no factual allegations about the City except that when he was released he was told that he must go to the Emeryville Police Department ("EPD") to retrieve his car, and that EPD informed him how to retrieve his car from the towing company. 18-cv-2628, Dkt. No. 31 at 15. Plaintiff alleges that EPD, "acting under color of law[,] cause[d] emotional distress by denying private person [sic] their right to nationality and free national identity a violation of [UDHR and UNDRIP,]" and caused pain and suffering by kidnapping and transporting him without his consent. 18-cv-2628, Dkt. 8 at 3. Plaintiff cannot bring claims under UNDHR or UNDRIP. *See* Discussion, § I. Accordingly, the Court GRANTS the City's motion to dismiss plaintiff's § 1983 claims against the City.

The Court grants plaintiff leave to amend. If he chooses to do so, he must allege specific facts to support the following claims: first, plaintiff must show he was deprived of a right granted to him by the Constitution of the United States, such as excessive force; second, that the City had a policy concerning or affecting those constitutional rights; third, that the policy shows a deliberate indifference to his constitutional rights; and fourth, that the policy *itself* was the motivation behind the constitutional violation inflicted upon plaintiff. *See Plumeau*, 130 F.3d at 438; *Miranda v. Clark Cty., Nevada*, 319 F.3d 465, 469-70 (9th Cir. 2003). Any amended

complaint must be filed **no later than October 12, 2018.**

### V. Federal Rule of Civil Procedure 8

Defendants argue that plaintiff's pleadings fail to meet the pleading standards under Rule 8. 18-cv-2626, Dkt. No. 36 at 14-16; 18-cv-2628, Dkt. No. 32 at 14-16. Under Federal Rule of Civil Procedure 8, plaintiffs must "plead a short and plain statement of the elements of his or her claim." *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000). "Each allegation must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). Dismissal is appropriate under Rule 8 where a complaint is "argumentative, prolix, replete with redundancy and largely irrelevant." *McHenry v. Renne*, 84 F.3d 1172, 1177, 1178-79 (9th Cir. 1996); *see also Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673-74 (9th Cir. 1981) (affirming dismissal of complaint that was "verbose, confusing and conclusory"). "[A]complaint . . . prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint[,]" and only serves to "impose unfair burdens on litigants and judges." *McHenry*, 84 F.3d at 1179-80. In evaluating whether a complaint should be dismissed under Rule 8, the Ninth Circuit has stated that dismissal does not turn upon whether "the complaint is wholly without merit." *Id*.

In *Carter v. Commissioner of Internal Revenue*, the court held that although plaintiff was *pro se*, he must abide by the rules of the court. 784 F.2d 1006, 1008–09 (9th Cir. 1986) (denying the plaintiff leave to amend his complaint after he filed a second "amended complaint" by simply filing, without leave to amend, an affidavit where "he repeated his conclusory allegations"). Here, while the facts are similar to *Carter*, the Court uses its discretion to allow the plaintiff to amend his complaint with the direction provided throughout this Order. This Court recommends plaintiff removes surplus legal standards, like UNDRIP and UDHR, exclude information pertaining to the

lack of jurisdiction defendants have over him, and provide more facts and fewer conclusions.[9] The Court DENIES defendants' motions to dismiss on the basis of Rule 8.

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby GRANTS the motions to dismiss the FACs and the motions to strike the SACs with leave to amend according to the guidance laid out in this opinion. Any amended complaint must be filed **no later than October 12, 2018.**

**IT IS SO ORDERED**.

Dated: September 25, 2018

SUSAN ILLSTON
United States District Judge

---

[9] This Court also recommends plaintiff visit the JDC Legal Help Center located on the 15th floor, room 2786 of this Court for assistance. Plaintiff may call for an appointment at: 415-782-8982.