UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAQ BEY,<br><br>        Plaintiff,<br><br>     v.<br><br>CITY OF EMERYVILLE POLICE DEPARTMENT, et al.,<br><br>        Defendants. | Case No. 18-cv-02628-SI<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** |

Before the Court are motions to dismiss the Second Amended Complaint ("SAC") filed by defendants the City of Emeryville Police Department ("Department") and individual Emeryville Police Officers Jared Malec, Kevin Goodman, Ronald Sheperd, Dino Cristiani, and Andrew Yu ("Officers"). The lawsuit arises out of plaintiff's October 31, 2017 arrest while driving in Emeryville, California. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and VACATES the hearing. The Court GRANTS defendants' motion to dismiss as to all claims except the excessive force claims against the individual defendants.

## BACKGROUND

The operative facts are recounted in the Court's prior Order. Dkt. No. 57. On September 25, 2018, the Court granted defendants' motions to dismiss and motions to strike, with leave to amend certain claims. *Id*. Specifically, the Court ordered:

(1) dismissal of all claims brought under the United Declaration of Human Rights ("UDHR"), the United Nations Declaration of Rights of Indigenous Peoples ("UNDRIP"), or the Treaty of Peace and Friendship WITHOUT LEAVE TO AMEND.[1] *Id.* at 5.
(2) dismissal of 42 U.S.C. § 1983 claims with leave to amend the elements of probable cause. *Id.* at 6-7.
(3) dismissal of plaintiff's excessive force claims under international treaties with leave to amend under 42 U.S.C. § 1983. *Id.* at 5.
(4) dismissal of plaintiff's section 1983 claims against the Department (*Monell* liability), with leave to amend the following:
   a. plaintiff was deprived of a constitutional right, such as excessive force or the right to be free of unreasonable search and seizure;
   b. the Department had a policy concerning or affecting those rights;
   c. "the policy shows a deliberate indifference to his constitutional rights;"
   d. "the policy itself was the motivation behind the constitutional violation inflicted upon plaintiff." *Id.* at 7-8.

Plaintiff filed his Second Amended Complaint on October 5, 2018.[2]

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the

---

[1] Plaintiff must not bring claims of violations by the Officers or the Department under these international treaties. The Court is unable to resolve any issues pertaining to these treaties. In addition to the UDHR, UNDRIP, and Treaty of Peace and Friendship, plaintiff must not bring claims under the Zodiac Constitution, the Magna Charta, the Great Law of Peace, Barbary Treaties, Mathematical Constitution, or AJR No. 42 Indigenous Peoples: Declaration of Rights. The Court agrees with defendants that plaintiff may not bring claims under the Supremacy Clause, U.S. CONST., ART. VI, and orders plaintiff to remove any such citations. *See* Dkt. No. 59 at 17.

[2] Plaintiff filed the SAC in 18-cv-2628 and not 18-cv-2626, but addresses the SAC to both defendant groups. In addition, both defendant groups move to dismiss the SAC. Accordingly, the Court construes the motion as involving both cases.

speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

*Pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Where a plaintiff is proceeding *pro se*, the Court has an obligation to "construe the pleadings liberally and to afford the [plaintiff] the benefit of any doubt." *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, *pro se* pleadings must still allege facts sufficient to allow a reviewing court to determine whether a claim has been stated. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). If the Court dismisses the complaint, it must then decide whether to grant leave to amend.

## DISCUSSION

### I. Claims Against Defendants

#### A. Cause of Action 1, Extreme Negligence

Plaintiff brings claims against all defendants for extreme negligence. Plaintiff presents his extreme negligence claims under inapplicable treaties, statutes, and constitutional amendments, as well as section 1983.

##### 1. "Extreme Negligence" Under Inapplicable Laws and Treaties

Plaintiff brings his first cause of action for extreme negligence against all defendants under statutes the Court previously ordered inapplicable, including unenforceable international treaties.

3

Additionally, plaintiff brings claims under the Religious Freedom Restoration Act ("RFRA"), California Civil Code § 52.1(a)-(b), 42 U.S.C. § 1988, and the First, Fourth, Fifth, and Ninth Amendments to the Constitution of the United States. SAC ¶ 39. With regard to international treaties, plaintiff's claims under UNDRIP, UDHR, the Treaty of Peace and Friendship, and AJR42: Indigenous Peoples: Declaration of Rights are DISMISSED WITH PREJUDICE. *See* Dkt. No. 58. RFRA, 42 U.S.C. § 1988, and California Civil Code § 52.1(a)-(b) do not provide for negligence causes of action. *See* 42 U.S.C. § 2000bb; 42 U.S.C. § 1988; Cal. Civ. Code § 52.1. Regarding the First[3] and Ninth amendment violations, plaintiff provides no plausible cause of action as plaintiff does not describe how the officers violated the rights delineated under these Amendments. *See* SAC. Therefore, the negligence claims under these treaties and laws are dismissed WITHOUT LEAVE TO AMEND.

### 2. "Extreme Negligence" Under 42 U.S.C. § 1983

Plaintiff also alleges that defendants acted with gross negligence under section 1983. "[G]rossly negligent or reckless official conduct that infringes upon an interest protected by the due process clause is actionable under section 1983." *Fargo v. City of San Juan Bautista*, 857 F.2d 638, 640 (9th Cir. 1988) (holding that the officer's conduct—accidently shooting the handcuffed and subdued plaintiff after pointing a gun at his head and shoulder—did not constitute gross negligence as a matter of law, "contrary as it was to proper police procedures"); (citing *Wood v. Ostrander*, 851 F.2d 1212, 1214-15 (9th Cir. 1988), *on reh'g*, 879 F.2d 583, (9th Cir. 1989) (holding that "gross negligence will suffice to establish the requisite level of fault in a section 1983" claim and denying

---

[3] Plaintiff's RFRA and First Amendment Freedom of Religion claims are dismissed without leave to amend. Plaintiff makes no factual allegation regarding a violation of his freedom of religion. *See* SAC. Plaintiff states, "[T]he free exercise of Religion pursuant to the First amendment[.]" but does not explain how that right was violated. The Court finds plaintiff has not added sufficient details to support a determination that there is a plausible cause of action for this issue.

summary judgment where officers left the victim on the side of the road, with her car impounded at "[n]ight in a high-crime area")). If an officer's "conduct constitute[s] gross negligence or recklessness, . . . then it constitutes a deprivation of a liberty interest—[e.g.] the right to be free from excessive force—under the due process clause." *Fargo*, 857 F.2d at 641.

The SAC states: "The City of Emeryville dba Emeryville Police Department did employ, train, and dispatch [the individual officers] for duty . . . [w]ho while acting under [color of the law] neglected their oath to the constitution[,] showing extreme negligence to [plaintiff's] life, safety, and religion." SAC ¶ 39. Plaintiff fails to provide additional facts. *See* Dkt. No. 64, ¶ 1. These conclusory allegations cannot withstand a motion to dismiss. The Court finds plaintiff's argument unsupported by factual allegations within the SAC. Accordingly, The Court dismisses the first cause of action WITHOUT LEAVE TO AMEND.

### B. Causes of Action 2 and 6, Invasion of Privacy and False Arrest

Plaintiff alleges he is not subject to lawful arrest because he is not subject to the jurisdiction of the United States, its agents, or officers. SAC ¶ 7.

#### 1. First Prong: Arrest or Search

Plaintiff argues he was unconstitutionally arrested and his vehicle was searched in violation of the Fourth Amendment. To be cognizable under section 1983 for a violation of the Fourth Amendment's prohibition of unreasonable search and seizure, a claim of unlawful arrest first must include an arrest or search. *See Pierson v. Ray*, 386 U.S. 547, 555-558 (1967). Here, plaintiff was arrested pursuant to an outstanding warrant and detained for over four days. SAC ¶ 40; *see also* Dkt. No. 22 at 24 ("A records check of Greene showed him to have a suspended CADL and to have an outstanding warrant. The warrant was confirmed."). Second, plaintiff's vehicle was searched without a warrant. SAC ¶¶ 44, 45. Therefore, plaintiff satisfies the first prong.

5

### 2. Second Prong: Absence of Probable Cause

Plaintiff claims defendant officers arrested him and searched his vehicle without probable cause. Section 1983 and the Fourth Amendment's prohibition of unreasonable search and seizure next require the absence of probable cause or other justification. *See Pierson*, 386 U.S. at 555-558; *Yousefian v. City of Glendale*, 779 F.3d 1010, 1014, n.1. (9th Cir. 2015) (absence of probable cause is essential element of § 1983 false arrest claim); *see, e.g.*, *Fortson v. Los Angles City Atty's Office*, 852 F.3d 1190, 1192 (9th Cir. 2017) (existence of probable cause is complete defense to § 1983 claim alleging false arrest); *Lacey v. Maricopa County*, 693 F.3d 896, 918-919 (9th Cir. 2012) (en banc) (allegations that special prosecutor ordered or otherwise procured arrests without probable cause sufficient to state a § 1983 claim of unlawful arrest against special prosecutor).

Plaintiff first claims that "[t]raffic violations are not crimes." *Id.* at 44. This is false. As the Court mentioned in its previous order, plaintiff violated California Vehicle Codes §§ 23123(a), 21453(c), 21638(a), and 21658(b). Dkt. No. 57 at 6.

Plaintiff next argues he is not subject to the jurisdiction of the Department and therefore cannot be detained. In response to a similar argument, a court in this district cited *Reitz v. Mealey,* 314 U.S. 33, 26–27 (1941) for the proposition that someone driving on the highway is subject to regulation by the city police:

> The use of the public highways by motor vehicles, with its consequent dangers, renders the reasonableness and necessity of regulation apparent. . . . Any appropriate means by the states to insure competence and care on the part of its licensees and to protect others using the highway is consonant with due process.

*Mohammed El v. Opdyke*, No. C-04-1459 MMC, 2004 WL 1465692, at *3 (N.D. Cal. June 23, 2004). There, the plaintiff argued he was entitled to civil damages for his traffic stop and conviction of traffic violations. *Id.* at *1. As a basis for damages, the plaintiff contended that the officers "conspired, under the color of law, to deprive [himself, a] Moorish National . . . of liberty and

6

property without due process." *Id.* (quotation in original). The plaintiff also argued he did not need a license because he was not partaking in commercial driving activities. *Id.* The court held that the plaintiff was subject to the jurisdiction of the officers and denied all claims regarding damages. *Id.* at *3.

Here, plaintiff claims he "has drawn up no contracts that stipulate [he is] a driver that generates commerce for the United States thru driving while using a motor vehicle within the United States." *Id.* at ¶ 40. Plaintiff argues that the Department "does not have territorial jurisdiction over the land known as North America nor does it have personal jurisdiction over . . . Raq Bey[,]" and "forcing [plaintiff] to stop under a color of law is a False Arrest and Invasion of [his] privacy." SAC ¶ 40. Plaintiff alleges in his sixth cause of action that "[t]he arrest is false and that makes everything afterward false as well." SAC ¶ 44.

The Court finds that plaintiff's arguments are conclusory and without merit. As in *Mohammed El*, plaintiff is subject to the jurisdiction of any city in which he chooses to travel in a motor vehicle. Furthermore, the Court considers these contentions noting the previous finding that there was probable cause for his seizure and search. *See* Order, Dkt. No. 57. Plaintiff originally provided a description of the facts leading up to his arrest and attached the police report to his prior complaint. *See* FAC, Dkt. No. 22. Plaintiff now chooses to omit pertinent facts leading to his traffic stop and the exhibits upon which this Court relied.[4] The officers had a valid reason to search the vehicle, including the smell of marijuana and alcohol, plaintiff's erratic driving, and an outstanding DUI warrant for plaintiff's arrest. FAC, Dkt. No. 22 at 23-4. Therefore, the Court finds that the

---

[4] In the Court's previous order, the Court stated: "Here, plaintiff was on his cell phone in violation of California Vehicle Code § 23123(a). FAC, 10-11. The police report attached to plaintiff's FAC demonstrates the police pulled plaintiff over for additional infractions, any of which could have constituted valid probable cause for plaintiff's search and seizure." . . . These violations include making a U-turn against a red arrow, straddling lanes, and driving on the shoulder of an on ramp. FAC, 23-26. Officer Malec alleges in the police report he smelled alcohol and marijuana. FAC, 24." Dkt. No. 57 at 6. Office Malec provides sufficient facts to support a probable cause determination. FAC, Dkt. No. 22 at 23-5.

search and seizure were supported by probable cause and GRANTS the motion to dismiss the second cause of action WITHOUT LEAVE TO AMEND.

### C. Cause of Action 3, Excessive Force

Plaintiff alleges the officers used excessive force during the course of his arrest. SAC ¶ 41. The Ninth Circuit analyzes whether excessive force was used by "considering the nature and quality of the alleged intrusion"; and then "the governmental interests at stake by looking at (1) how severe the crime at issue is, (2) whether the suspect posed an immediate threat to the safety of the officers or others, and (3) whether the suspect was actively resisting arrest or attempting to evade arrest by flight." *Mattos v. Agarano*, 661 F.3d 433, 441 (9th Cir. 2011) (citing *Graham v. Connor*, 490 U.S. 386 (1989)). Whether excessive force was used is ordinarily a question a fact and therefore reserved for the jury. *Santos v. Gates*, 287 F.3d 846, 853 (9th Cir. 2002) ("Because such balancing [of the individual's liberty against the government's interest] nearly always requires a jury to sift through disputed factual contentions, and to draw inferences therefrom, we have held on many occasions that summary judgment or judgment as a matter of law in excessive force cases should be granted sparingly. This is because police misconduct cases almost always turn on a jury's credibility determinations.").

Plaintiff alleges defendants "burst out the front left side window and violently pulled [him] from the vehicle and slammed him on the concrete-while simultaneously kicking, twisting, and punching [him]." SAC ¶ 41. Despite plaintiff's failure to remove the inapplicable treaties and declarations, the Court finds that plaintiff has stated a plausible claim for excessive force. At this stage in the pleadings, plaintiff sufficiently stated a plausible claim. Accordingly, defendants' motion to dismiss the excessive force claim is DENIED.

### D. Cause of Action 4, Unlawful Search and Seizure

The Court will construe plaintiff's claim for unlawful search and seizure as two claims: (1) a *Miranda* violation; and (2) unlawful search and seizure. *See* SAC ¶ 42.

### 1. Miranda Violation

Plaintiff alleges he was not read his *Miranda* rights at any time during his seizure. SAC ¶ 42. *Miranda* warnings are procedural safeguards during a custodial interrogation for a defendant's "privilege against self-incrimination." *Miranda v. Arizona*, 384 U.S. 436, 444 (1966). A Fifth Amendment violation does not technically occur until un-Mirandized statement is introduced in a criminal case. *Chavez v. Martinez* 538 U.S. 760, 772 (2003). The remedy for a *Miranda* violation is suppression of a confession or incriminating statement. *Chavez v. Martinez*, 538 U.S. at 779 (holding "a damages remedy in [a] case [where police did not use confessions obtained in violation of Miranda to convict the defendant] must depend not on its Fifth Amendment feature but upon the particular charge of outrageous conduct by the police"); s*ee also Miranda*, 348 U.S. at 462 (holding that defendant's statements made without a proper warning of the privileges granted under the Fifth Amendment must be suppressed).

Here, plaintiff does not contend an inadmissible confession was obtained or admitted in a criminal proceeding against him. *See* SAC; FAC. In fact, plaintiff does not allege that charges were brought against him. SAC ¶ 45. The Court finds plaintiff cannot provide a plausible theory of a Miranda violation because the plaintiff was never convicted, and the appropriate remedy is suppression of coerced testimony.[5] Therefore, the Court DISMISSES plaintiff's Miranda violation claim WITHOUT LEAVE TO AMEND.

---

[5] Furthermore, plaintiff was not interrogated as required by *Miranda.* Custodial interrogation involves "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." *Miranda v. Arizona*, 384 U.S. 436, 444 (1966).

9

### 2. Unlawful Search and Seizure

Plaintiff alleges defendants unlawfully searched and seized his vehicle. SAC ¶ 42. A claim of unlawful arrest is cognizable under 42 U.S.C. § 1983 for violation of the Fourth Amendment's prohibition against unreasonable search and seizure, if plaintiff alleges that the arrest was without probable cause or other justification. *See Pierson v. Ray*, 386 U.S. 547, 555-58 (1967); *see, e.g.*, *Fortson v. Los Angles City Atty's Office*, 852 F.3d 1190, 1192 (9th Cir. 2017) (holding the existence of probable cause is complete defense to § 1983 claim alleging false arrest); *Graves v. City of Coeur D'Alene*, 339 F.3d 828, 840-41 (9th Cir. 2003) (finding that the plaintiff's refusal to identify himself and refusal to consent to backpack search cannot be the basis for the arrest absent probable cause).

This Court previously found plaintiff's seizure was supported by probable cause and dismissed plaintiff's unlawful search and seizure claims with leave to amend. Dkt. No. 57 at 6-7. In the SAC complaint, plaintiff removes facts pertaining to over the events leading up to his arrest. S*ee* FAC (claiming he was on the phone and would not pull over, and attaching a police report, which the Court used in its previous Order); *see also* Discussion *infra* § II. Plaintiff makes conclusory allegations in the SAC, for instance: "[O]n October 31st, 2017 Raq Bey was traveling on his ancestral estate alone, safe and nonthreatening to the public around him." SAC, Dkt. No. 58, ¶ 25. Plaintiff states only that his vehicle was searched, the officers seized him without reading him his Miranda rights, and that doing so makes "the stop/arrest/search false." *Id*. at ¶ 42.

Plaintiff fails to cure any of the deficiencies and attempts to avoid facts plaintiff originally presented to the Court. Pursuant to plaintiff's arrest, the inventory search was lawful and supported by probable cause. *See Colorado v. Bertine*, 479 U.S. 367, 371 (1987) ("an inventory search may be "reasonable" under the Fourth Amendment even though it is not conducted pursuant to a warrant based upon probable cause"). Officer Malec had probable cause to search the vehicle based on the totality of the circumstances including plaintiff's failure to yield to the emergency lights, "symptoms

of intoxication" including red eyes and slurred speech, the smell of alcohol and marijuana coming from the vehicle, and the numerous vehicle code violations. FAC, Dkt. No. 22 at 24. Therefore, the Court GRANTS the motion to dismiss the Fourth Cause of Action for unconstitutional search and seizure, WITHOUT LEAVE TO AMEND.

### E. Cause of Action 5, Forced to Take Blood Test

Plaintiff contends he was forced to take a blood test in violation of his rights.[6] SAC ¶ 43. The Fourth Amendment "prohibits "unreasonable searches," and [Supreme Court case law] establish[s] that the taking of a blood sample or the administration of a breath test is a search" within the meaning of the Fourth Amendment. *Birchfield v. North Dakota*, 136 S. Ct. 2160, 2173 (2016). Therefore, administration of a blood test must involve a valid warrant or must be reasonable. *Id.*

On November 1, 2017, Officer Malec submitted a warrant request for an incident-related blood draw, which Alameda County Superior Court Judge Frank Roesch granted. Dkt. No. 60 at 2. In his affidavit for the warrant, Officer Malec contends that while arresting plaintiff, he "could smell alcohol [and marijuana] coming from his person and the vehicle." Officer Malec also alleged that plaintiff's "eyes were red, blood shot and watery and his speech was slurred." *Id.* Officer Malec requested the blood draw to determine the amount of marijuana in plaintiff's system. *Id.* The Court finds that Judge Roesch issued a valid warrant for the blood draw, and the blood draw was reasonable. Therefore, the Court DISMISSES plaintiff's blood test cause of action WITHOUT LEAVE TO AMEND.

### F. Cause of Action 6, Prolonged Detention

---

[6] Plaintiff again includes inapplicable treaties as a basis for the violation. The Court reminds plaintiff he is unable to utilize these treaties for the basis of *any* cause of action in his next complaint.

11

Defendants claim plaintiff cannot bring his prolonged detention claim based on this Court's prior ruling. Mot., Dkt. No. 59 at 14. The Court did not dismiss plaintiff's prolonged detention cause of action with prejudice. *See* Dkt. No. 57. The Court declined to address the issue, focusing on a probable cause determination. The Court finds the claim has no merit and does not present a plausible claim for relief. The Fourth Amendment requires probable cause for the issuance of a warrant. U.S. Const. amend. IV; *see also Gonzalez v. Cty. of Los Angeles*, No. CV 07-2064 FMC (RCX), 2009 WL 10698901, at *7 (C.D. Cal. Apr. 27, 2009) ("It is clearly established that a person cannot be arrested or a warrant issued without probable cause."); *cf. Cty. of Riverside v. McLaughlin*, 500 U.S. 44, 53 (1991) (holding "persons arrested without a warrant must promptly be brought before a neutral magistrate for a judicial determination of probable cause"). "[S]ince the probable cause standard for pretrial detention is the same as that for arrest, a person arrested pursuant to a warrant issued by a magistrate on a showing of probable-cause is not constitutionally entitled to a separate judicial determination that there is probable cause to detain him pending trial." *Baker v. McCollan*, 443 U.S. 137, 143 (1979) (holding that the plaintiff did not have a claim under section 1983 for wrongful where he was arrested pursuant to a valid arrest warrant meant for his brother but with his name listed, held for 72 hours, and where plaintiff was not contesting the validity of the warrant).

Here, plaintiff was arrested pursuant to an outstanding DUI warrant. Dkt. No. 60, Exh. B at 8; FAC, Dkt. No. 22 at 24. Thus, prior to detention, a probable cause determination was made for plaintiff's arrest. Therefore, the Court dismisses the claim regarding prolonged detention WITHOUT LEAVE TO AMEND.

### G. Cause of Action 7, Emotional Distress

Plaintiff brings a common law tort claim for "emotional damage" and "great mental stress[,]" which he suffered due to the seizure. SAC ¶ 45. Before filing suit on tort claims against state actors,

12

a plaintiff must file a government claim pursuant to the California Government Claims Act. Cal. Gov. Code § 810, *et seq*. Plaintiffs must present their claims "not later than six months after the accrual of the cause of action." Cal. Gov. Code § 911.2. The cause of action accrues on the date when the claim became actionable, when it is "complete with all of its elements," including wrongdoing, harm, and causation. Cal. Gov. Code § 901; *Aryeh v. Canon Bus. Sols., Inc.*, 55 Cal. 4th 1185, 1191 (2013); *Garber v. City of Clovis*, 698 F. Supp. 2d 1204, 1212 (E.D. Cal. 2010).

Plaintiff claims he was "unlawfully held in custody, with murders and convicted criminals[,] . . . fed poor malnutrition meals and denied sunlight[,]" and was laid off since his car was towed and he had no reliable means of transportation. SAC ¶ 45. Plaintiff has not shown he filed a governmental claim pursuant to the requirements of the California Government Claim Act. *See* SAC. Because plaintiff has not exhausted state remedies, the Court dismisses the 7th Cause of Action WITHOUT LEAVE TO AMEND.

### H. § 1983 Claims against the Emeryville Police Department, dba City of Emeryville: Respondeat Superior, or *Monell*, Liability

Under § 1983, there is no respondeat superior liability solely because the municipality employs a person who has violated a plaintiff"s rights. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978)*; Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). The mere fact that the alleged individual wrongdoer was employed by a municipality is insufficient to hold the employing institutional defendant liable. *Monell*, 436 U.S. at 691. Local governments are "persons" subject to liability under 42 U.S.C. § 1983 only where official policy or custom causes a constitutional tort. *See id*. at 690.

Plaintiff did not cure the FAC's deficiencies and does not provide the information necessary to find the City liable under a theory of respondeat superior. Instead, plaintiff alleges the following: "The City of Emeryville . . . placed untrained and unprepared employees on duty, the Defendant

13

neglected their oath to the constitution . . . and [acted with] extreme negligence to their oath to the Constitution . . . and California Civil Code 52.1." The facts alleged do not claim the City has a policy concerning, and evidencing a deliberate indifference to, a constitutional right that itself motivated the violation of plaintiff's constitutional rights. The Court, therefore, DISMISSES the City of Emeryville WITHOUT LEAVE TO AMEND.

## II. MOTION FOR RECONSIDERATION

Judge James Donato presided over Action No. 18-2628 prior to the case's reassignment to this Court on August 28, 2018. *See* Dkt. No. 50. This Court now considers plaintiff's motion for reconsideration of Judge Donato's order setting aside default, submitted to Judge Donato in late June 2018. Dkt. No. 22.

Under the Civil Local Rules, a party must obtain leave of the Court before moving for reconsideration. N.D. Cal. Civil L.R. 7-9(a). In its motion for leave, the

> moving party must specifically show reasonable diligence in bringing the motion and one of the following: (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) The emergence of new material facts or a change of law occurring after the time of such order; or (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

N.D. Cal. Civil L.R. 7-9(b).

Plaintiff did not obtain leave of Court before filing his motion for reconsideration. Plaintiff, appearing *pro se*, may be unaware of this requirement. Therefore, the Court considers the sufficiency of the motion. The Court finds plaintiff's motion for reconsideration insufficient to support reconsideration. Plaintiff presents the same facts the City presented in its motion to set aside default. Dkt. No. 22 at 2. Plaintiff does not allege new or materially different laws or facts.

14

*See id.* Finally, plaintiff makes no allegations that Judge Donato failed to consider material facts or dispositive legal arguments. *See id.* Therefore, the Court DENIES plaintiff's motion for reconsideration.

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby GRANTS in part and DISMISSES in part defendants' motion to dismiss. The Court's order dismisses all claims except the excessive force claim against defendant officers. The Court further DISMISSES the City of Emeryville as a defendant.

**IT IS SO ORDERED**.

Dated: November 29, 2018

_____
SUSAN ILLSTON
United States District Judge