UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAQ BEY,<br><br>        Plaintiff,<br><br>    v.<br><br>JARED MALEC, et al.,<br><br>        Defendants. | Case No. 18-cv-02626-SI<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS THE THIRD AMENDED COMPLAINT**<br><br>Re: Dkt. No. 61 |

Before the Court is a motion to dismiss the Third Amended Complaint ("TAC") filed by individual Emeryville Police Officers Jared Malec, Kevin Goodman, Ronald Sheperd, Dino Cristiani, and Andrew Yu ("Defendants"). The lawsuit arises out of plaintiff's October 31, 2017 arrest while driving in Emeryville, California. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and VACATES the hearing set for March 22, 2019. The Court GRANTS defendants' motion to dismiss as to all claims except the excessive force claims against defendants.

**BACKGROUND**

The operative facts are recounted in the Court's prior Order. Dkt. No. 31. On July 31, 2018, the Court granted defendants' motion to dismiss and motions to strike, with leave to amend certain claims. *Id*. On August 9, 2018, plaintiff filed a second amended complaint and defendants again moved to dismiss. Dkt. No. 36. With respect to the motion to dismiss the second amended complaint, the Court ordered the following dismissed with prejudice:

(1) All claims premised upon the Treaty of Peace and Friendship, United Declaration of Human Rights, United Nations Declaration of Rights of Indigenous Peoples, and AJR: 42

1       Indigenous Peoples: Declaration of Rights (2014);

2       (2) The first cause of action for "extreme negligence";

3       (3) The second cause of action for "invasion of privacy/false arrest";

4       (4) The fourth cause of action for unlawful search and seizure;

5       (5) The fifth cause of action relating to a blood test;

6       (6) The sixth cause of action for prolonged detention;

7       (7) The seventh cause of action for emotional distress;

8       (8) The Section 1983 respondeat superior/Monell liability against the City of Emeryville;

9       (9) The City of Emeryville as a defendant.

See Dkt. No. 49. The only claim that survived the motion to dismiss the second amended complaint was the third cause of action for excessive force under the Fourth Amendment to the U.S. Constitution. *Id*.

On January 28, 2019, plaintiff filed his TAC. Dkt. No. 58. The TAC realleges all of the causes of action, including those that the Court dismissed with prejudice. The TAC is identical to the second amended complaint but with several paragraphs re-ordered and some additional language. On February 8, 2019, defendants filed their motion to dismiss the TAC, arguing (1) the TAC violates Rule 8, (2) all but one of the TAC's causes of action were previously dismissed with prejudice; and (3) the TAC exceeds the Court's previous order.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

2

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

*Pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Where a plaintiff is proceeding *pro se*, the Court has an obligation to "construe the pleadings liberally and to afford the [plaintiff] the benefit of any doubt." *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, *pro se* pleadings must still allege facts sufficient to allow a reviewing court to determine whether a claim has been stated. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). If the Court dismisses the complaint, it must then decide whether to grant leave to amend.

## DISCUSSION

The Court has already issued an order (1) dismissing all but one cause of action with prejudice; (2) dismissing the City of Emeryville as a defendant with prejudice; and (3) denying the motion to dismiss with respect to the third cause of action for excessive force under the Fourth Amendment to the U.S. Constitution.

Plaintiff's TAC discusses the International Covenant on Civil Political Rights ("ICCPR"). Dkt. No. 58 ¶23. The Court dismisses all claims premised upon the ICCPR with prejudice.[1]

With respect to the third cause of action, the TAC states: "Here the court agrees with the fact that the EPD employees used unwarranted excessive force during the stop." Dkt. No. 58 at 15. This is incorrect. Denying the motion to dismiss with respect to the third cause of action does not mean the Court agrees that the police officers used unwarranted excessive force. Rather, plaintiff has adequately pled a claim to survive a motion to dismiss.

---

[1] In the Court's November 29, 2018 order, it stated that Plaintiff "must not bring claims … under international treaties" and ordered all references to such be removed. Dkt. No. 49 at 2.

3

**CONCLUSION**

Thus, defendants' motion to dismiss is GRANTED in part and DENIED in part. All claims except the excessive force claim against the defendant officers are dismissed with prejudice, as is the City of Emeryville. All claims premised on the ICCPR are dismissed with prejudice. The Court will consider the only remaining claim, excessive force, on the merits on a more fully developed record. Defendants' answer is due on March 15, 2019.

**IT IS SO ORDERED**.

Dated: March 5, 2019

_____
SUSAN ILLSTON
United States District Judge