UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAQ BEY,<br><br>    Plaintiff,<br><br>    v.<br><br>JARED MALEC, et al.,<br><br>    Defendants. | Case No. 18-cv-02626-SI<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S EXPERT**<br><br>Re: Dkt. No. 94 |

On February 12, 2020, plaintiff filed a document titled "Affidavit of Fact: Objection, Motion to Strike and Exclude Evidence & Disclosure of Steve Papenfuhs for Defendants." Dkt. No. 94. Defendants designated Mr. Papenfuhs as an expert on police practices and have complied with all necessary disclosures. Mr. Papenfuhs is offered to opine on whether any use-of-force by the defendant officers conformed with generally accepted law enforcement practices, procedures, and training in the State of California. Dkt. No. 97 at 2 (Opposition).

"[T]he trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert v. Merrell Dow Pharms., Inc*., 509 U.S. 579, 589 (1993). Federal Rule of Evidence 702 permits the introduction of expert testimony only if: (1) "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue," (2) "the testimony is based on sufficient facts or data," (3) "the testimony is the product of reliable principles and methods," and (4) "the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. The proponent of the expert testimony has the burden of proving the proposed testimony is admissible. *Lust ex rel. Lust v. Merrell Dow Pharms., Inc*., 89 F.3d 594, 598 (9th Cir. 1996). "Although the district court must perform a gatekeeping function, a trial court 'not only has broad latitude in determining whether an

expert's testimony is reliable, but also in deciding how to determine the testimony's reliability.'" *United States v. Gadson*, 763 F.3d 1189, 1202 (9th Cir. 2014) (citation omitted); *see also Daubert*, 509 U.S. at 597.

Mr. Bey's objections to Mr. Papenfuhs go to the weight of his conclusions not to their relevance or reliability. Based on his report, Mr. Papenfuhs appears to be an appropriate expert for that which he is offered. Therefore, Mr. Bey's motion is denied, without prejudice to appropriate objections, if any, at time of trial. .

<u>Defendants are ordered to produce all documents and information Mr. Papenfuhs relied upon in his report on or before Friday, March 6, 2020 to both Mr. Bey and the Court. Electronic transmission via email will be appropriate. Further, on or before Friday March 6, 2020, the parties shall submit mutually agreeable alternative trial dates.</u>

Finally, Mr. Bey stated at today's hearing that he is having difficulty viewing materials on PACER. The Court will inquire and attempt to determine what the problem is.

**IT IS SO ORDERED**.

Dated: February 27, 2020

_____
SUSAN ILLSTON
United States District Judge