UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAQ BEY,<br><br>   Plaintiff,<br><br>  v.<br><br>JARED MALEC, et al.,<br><br>   Defendants. | Case No. 18-cv-02626-SI<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO ALTER JUDGMENT**<br><br>Re: Dkt. No. 117 |

On May 11, 2020 plaintiff Raq Bey filed the instant motion to alter judgment regarding this Court's April 28, 2020 order. Having considered the papers submitted, pursuant to Local Rule 7-1(b) and General Order 72-3, the Court hereby VACATES the June 26, 2020 hearing and DENIES plaintiff's motion.

**BACKGROUND**

The Court's April 28, 2020 order provides the relevant factual background regarding plaintiff's October 31, 2017 arrest and excessive force claim, the underlying incident of this case. Dkt. No. 115 at 1-5 (Order). The Court decided the parties' cross-motions for summary judgment without oral argument, analyzing six alleged instances of excessive force and finding each instance was reasonable and not excessive. *Id.* The Court further found: (1) defendants had probable cause to use force and (2) even if defendants' use of force was excessive, the officers were entitled to qualified immunity. *Id.*

On May 11, 2020 plaintiff filed the instant motion to alter judgment, pursuant to Fed. R.

1  Civ. Pro. 59(e). Dkt. No. 117 (Mot.). On May 26, 2020 defendants filed their opposition to the
2  motion to alter judgment. Dkt. No. 118 (Opp'n). Plaintiff did not file a reply to the defendants'
3  opposition. For the reasons set forth below, the Court DENIES plaintiff's motion.

## LEGAL STANDARD

Motions to alter or amend judgments can be brought pursuant to Fed. R. of Civ. P. 59(e). It is appropriate for a court to grant Rule 59(e) motions if it determines doing so is necessary to "rectify its own mistakes in the period immediately following the entry of judgment." *White v. N.H Dep't. of Emp. Sec.*, 455 U.S. 445, 450 (1982). While the Court is given considerable discretion in granting or denying such motions, altering a judgment is an "extraordinary remedy" and is seldom done unless the need to uphold the finality of judgments is outweighed by a clear injustice. *Kona Enters.' v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James Wm. Moore et al., *Moore's Federal Practice* § 59.309[4] (3d ed. 2000)). An altered judgment is proper if it (1) corrects an error of law or fact made by the Court in the original judgment, (2) allows a party to present evidence that was previously unavailable or undiscoverable, (3) corrects a manifest injustice, or (4) incorporates intervening and controlling case law. 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2810.1 (3d ed. 2020); *see also Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). The Court construes the plaintiff's motion to implicate all four of these considerations.

The moving party must meet a "high hurdle" in order to show that alteration of judgment is warranted. *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001). It is inappropriate for the Court to grant a motion to alter judgment if the moving party uses the motion to "relitigate old matters." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2810.1, at 127-128 (2d ed. 1995)). Such motions "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona*, 229 F.3d at 890; *see also Zimmerman*, 255 F.3d at 740.

**DISCUSSION**

Plaintiff seeks an altered judgment arguing (1) the Court committed clear error by only considering defendants' evidence; (2) the Court needs to consider evidence about plaintiff's subjective fear of defendants and needs to hear oral testimony to properly evaluate plaintiff's state of mind and defendants' reasonableness; (3) the Court's order granting summary judgment is a manifest injustice; and (4) the Court did not consider relevant and controlling case law.

Plaintiff's motion fails because (1) the Court considered all submitted evidence and Mr. Bey does not identify clear errors made by the Court ; (2) Mr. Bey does not present any new or previously undiscoverable evidence, nor would the evidence he presents have altered the Court's decision had it been timely submitted; (3) Mr. Bey fails to show the Court's previous order amounts to manifest injustice; and (4) Mr. Bey does not cite new and controlling law warranting an altered judgment.

**I.    Correcting Errors of Law or Fact**

While courts within the Ninth Circuit have not strictly defined what constitutes clear error for Rule 59(e) motions, courts have generally found that "[m]ere doubts or disagreement about the wisdom of a prior decision of . . . [the] court will not suffice." *Teamsters Local 617 Pension and Welfare Funds v. Apollo Grp., Inc.*, 282 F.R.D. 216, 231 (D. Ariz. Mar. 30, 2012) (quoting *Campion v. Old Republic Home Protection Co.*, No. 09–CV–748–JMA(NLS), 2011 WL 1935967, at *1 (S.D. Cal. May 20, 2011)). Rather, for there to be clear error, the previous decision "must strike [a court] as more than just maybe or probably wrong; it must be dead wrong." *Id.*

**A.    The Court Considered Both Plaintiff's and Defendants' Evidence**

In ruling on the parties' summary judgment motions, the Court considered all evidence offered by plaintiff and defendants. The Court repeatedly cited plaintiff's complaint, declaration, and opposition to summary judgment. Dkt. No. 115 at 1-6, 8-12 (Order). The Court used this evidence, along with the documents submitted by defendants, the body camera footage, and relevant case law, to determine whether defendants' use of force was reasonable under the Fourth Amendment. *Id.* at 7-13.

### B. Excessive Force Analysis

Plaintiff argues the Court's excessive force analysis was incorrect because an illegal U-turn is not a serious offense, therefore the force used by the officers was disproportionate and inappropriate for the nature of the offense. Dkt. No. 117 at 16 (Mot.). However, the Court acknowledged that while each of plaintiff's traffic offenses viewed individually would not typically be considered severe, taken together, plaintiff's continuous disregard for defendants' orders after making the illegal U-turn justified defendants' use of force. Dkt. No. 115 at 11-12 (Order). The Court's analysis was not in error.

### C. Probable Cause

Plaintiff argues defendants did not have probable cause to stop or arrest him and thus it was erroneous to grant their summary judgment motion. Dkt. No. 115 at 16 (Mot.). The Court found probable cause existed for plaintiff's arrest based on defendants' declarations and the body camera footage. Dkt. No. 115 at 10 (Order). Again, plaintiff has not presented proof of clear error by the Court.

### D. Qualified Immunity

Plaintiff argues defendants are not entitled to qualified immunity because he was never charged with a crime and because defendants did not explain the reasons for his arrest. Dkt. No. 117 at 17-18 (Mot.). However, the fact that plaintiff's charges were dismissed does not negate the existence of probable cause for the arrest. *Borunda v. Richmond*, 885 F.2d 1384, 1389 (9th Cir. 1989). Further, a qualified immunity analysis for unlawful arrest is dependent upon the "'objective legal reasonableness' of the action [under scrutiny], assessed in light of the legal rules that were 'clearly established' at the time it was taken." *Anderson v. Creighton*, 483 U.S. 635, 639 (1987) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 819 (1982). "[E]xisting precedent" is an important aspect of determining whether the right in question was clearly established. *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2083 (2011); *see also White v. Pauly*, 137 S. Ct. 548, 522 (2017); *see also Shafer v. Cty. Of Santa Barbara*, 868 F.3d 1110, 1117 (9th Cir. 2017).

The Court's finding of qualified immunity was thoroughly supported by caselaw. *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (explaining that official action is not protected by qualified immunity only if "in light of the pre-existing law the unlawfulness [of the action is] . . . apparent") (quoting *Anderson v. Creighton*, 483 U.S. at 640); *see also Pearson v. Callahan*, 555 U.S. 223, 244 (2009) (holding that for a qualified immunity analysis, courts can first address either whether a constitutional right was violated or whether the right was clearly established, receding from the "the two-step rule" mandated by the Supreme Court in *Saucier v. Katz*, 533 U.S. 194, 121 (2001)). The cases cited by plaintiff in the instant motion are inapposite. *City of Canton v. Harris*, 489 U.S. 378, 388-389 (1989) (stating that municipalities can be held liable under 42 U.S.C. § 1983 for failing to adequately train municipal employees); *Cervantez v. J.C. Penny Co.*, 24 Cal.3d 579, 592 (1979) (holding that the defendant has the burden of justifying an arrest when a plaintiff brings a cause of action for false imprisonment and proves that their arrest was without process and was followed by imprisonment and damages), *superseded by statute*, CAL. PENAL CODE § 243 (West, Westlaw through Ch.3 of 2020 Reg. Sess.). There is no evidence that the defendants were improperly trained, no evidence that the arrest was without process, and the City of Emeryville has been dismissed as a defendant. Thus, the Court's prior order is correct regarding qualified immunity and does not warrant an altered judgment.

## II. Presenting Unavailable or Undiscovered Evidence

An altered judgment is not warranted if the moving party bases its Rule 59(e) motion on evidence previously available to him or that he could have discovered had he exercised due diligence. *Stevens v. Jiffy Lube Int'l*, No. 16-cv-07175-EMC, 2017 WL 1330511, at *1 (N.D. Cal. 2017), *aff'd*, 911 F.3d 1249 (9th Cir. 2018). Further, for such motions to succeed based on newly discovered evidence, the evidence must be "of such magnitude that production of it earlier would have been likely to change the disposition of the case." *Id.* (quoting *Duarte v. Bardales*, 526 F.3d 563, 573 (9th Cir. 2008) (abrogated on other grounds by *Lozano v. Montoya Alvarez*, 134 S. Ct. 1224 (2014)). Courts both within and outside the Ninth Circuit have held "that the failure to file documents in an original motion or opposition does not turn the late filed documents into 'newly

5

discovered evidence.'" *Sch. Dist. No. 1J., Multnomah Cty., Or. v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see also Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473-474 (5th Cir. 1989).

Plaintiff has not presented evidence that was previously unavailable, undiscovered, or that would have changed the outcome of the case had it been considered in earlier proceedings. Rather, plaintiff contends that the Court must consider the rationale behind his subjective fear of defendants. Dkt. No. 117 at 12 (Mot.). In support thereof, plaintiff includes articles about police brutality and citizens pretending to be police that were published before March 18, 2020, the date on which plaintiff filed his opposition to summary judgment. *Id.* at 6, 12. The Washington Post article[1] plaintiff cites was published in 2017 and last updated in January 2020, and the Komo article[2] cited was published in February 2020. Plaintiff cannot use a Rule 59(e) motion to introduce evidence that could have been presented in his opposition to summary judgment. *Frederick S. Wyle Prof'l Corp. v. Texaco Inc.*, 764 F.2d 604, 609 (9th Cir. 1985). Further, even if this evidence was timely offered, summary judgment would have still been granted. Plaintiff's fear of police officers may have influenced his behavior during the incident. However, an excessive force analysis asks whether *defendants*' actions were objectively reasonable. Despite plaintiff's subjective fear, his continuous disregard of the defendants' orders rendered their use of force reasonable.

Plaintiff also contends the judgment should be altered to allow for oral testimony to "clear up any confusion and misunderstanding about the TRUE STATE OF MIND of all parties involved and the TRUE REASONABLENESS meant or not meant to be applied on the night in question." Dkt. No. 117 at 5-6, 12 (Mot.). But plaintiff had the opportunity to both include such testimony in his sworn deposition and to include a sworn declaration when filing his opposition to the summary judgment motion. Dkt. No. 119 at 8 (Opp'n). Plaintiff also thoroughly expressed himself in his moving papers. For example, in his opposition to summary judgment, he described his feelings

---

[1] *Police Shootings 2017 Database*, Wash. Post, (last updated Jan. 22, 2020) https://www.washingtonpost.com/graphics/national/police-shootings-2017/.

[2] Associated Press, *Michigan Man Charged After Sheriff Stops Phony Police Car,* Komo News (Feb. 8, 2020), https://komonews.com/news/offbeat/michigan-man-charged-after-sheriff-stops-vehicle-resembling-cop-car. The link plaintiff included in his motion did not work, but based on the text of the URL, this is the article he intended to reference.

6

1  when being pulled over: "My heart was pounding and I could not concentrate, I was nervous and
2  feared I could be murdered." Dkt. No. 110 at 7 (Opp'n). He also explained how "Halloween as we
3  know it today can be very dangerous, many people dress up as cops, presidents, celebrities, and
4  monsters for fun and games" and how "when the car got behind me and demanded that I stop
5  traveling to my destination and pull over immediately[,] I became overwhelmed with fear, I called
6  the 911 operators to report being harassed and stalked." Dkt. No. 110 at 5-6. Further, he noted that
7  "I have become aware of people who were not threatening or committing any crimes who were
8  pulled over in a similar way and afterwards murdered unjustly." Dkt. No. 110 at 6 (Opp'n). The
9  Court took these statements into account when rendering its decision.

10  The parties' true state of mind is not relevant to this inquiry; rather, weighing the nature of
11  the intrusion against the government interests at stake is required. *Graham v. Connor*, 490 U.S. 386,
12  396 (1989). Nonetheless, the Court did consider plaintiff's state of mind during the incident when
13  granting summary judgment. The Court believes plaintiff was scared and that the incident was
14  upsetting. Nonetheless, the use of force was reasonable where plaintiff repeatedly failed to heed
15  repeated and explicit commands. Dkt. No. 115 at 2 (Order).

### III.     Correcting a Manifest Injustice

18  Courts have not specifically defined what constitutes "manifest injustice" when deciding if
19  altered judgment is appropriate. *Delta Ltd. v. U.S. Customs and Border Protection Bureau*, 393 F.
20  Supp. 2d 15 (D.D.C. 2005). And, courts within the Ninth Circuit often do not consider this factor
21  explicitly when adjudicating a motion to alter judgment. *Kona*, 229 F.3d at 890; *398 Orange St.*
22  *Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999); *Sch. Dist. No. 1J*, 5 F.3d at 1263. Instead,
23  Ninth Circuit courts will consider the factor in conjunction with clear error: "alteration is appropriate
24  under Rule 59(e) if . . . the district court committed a clear error or made an initial decision that was
25  manifestly unjust." *Zimmerman*, 255 F.3d at 740; *see also Sch. Dist. No. 1J*, 5 F.3d at 1263. Some
26  courts also consider it necessary to alter a judgment if there has been obvious misconduct by counsel
27  or if the decision would cause harm to "innocent third parties." *Dale and Selby Superette & Deli v.*
28  *U.S. Dept. of Agric.*, 838 F. Supp. 1346, 1348 (D. Minn. 1993); *Delta Ltd.*, 393 F. Supp. 2d at 16.

1    Plaintiff offers no specific basis showing the Court's decision was so clearly unjust to
2 warrant an altered judgment. Instead, plaintiff makes general statements about why an altered
3 judgment is necessary. Dkt. No. 117 at 5, 9, 19 (Mot.). Mr. Bey argues "[a]ll evidence and the lack
4 thereof must be considered to prevent manifest injustice and more injury;" "ORAL TESTIMONY
5 is necessary to prevent manifest injustice;" "ORAL TESTIMONY from both parties is needed to
6 establish true facts and direct evidence and prevent manifest injustice;" and, "it seems as if
7 [plaintiff's] entire DECLARATION OF TRUTH…has been ignored, misconstrued, and only used
8 as an admission to being present" on the date of the incident. *Id.* The court has considered extensive
9 evidence from both plaintiff and defendants, along with body camera footage. Dkt. No. 115 at 1-6,
10 8-12 (Order). Plaintiff had an opportunity to submit oral testimony at his deposition and submit a
11 sworn declaration. Dkt. No. 119 at 8 (Opp'n). Further, plaintiff's description of the incident was
12 carefully considered; indeed, the Court repeatedly cites his complaint, declaration, and opposition
13 to summary judgment throughout its order granting summary judgment. Dkt. No. 115, pgs. 1-6, 8-
14 12 (Order). Plaintiff is representing himself so there could not have been misconduct by counsel,
15 and there is no evidence presented of harm to third parties. Plaintiff's statements are conclusory
16 and do not prove that the Court's contested decision rises to the level of injustice required to make
17 an altered judgment appropriate.

### IV.    Incorporating Intervening and Controlling Case Law

An altered judgment is warranted if it allows for a party to present "an intervening change in controlling law" that challenges the rationale upon which the court's original decision is based. *Quinones-Ruiz v. U.S.*, 873 F. Supp. 359, 362 (S.D. Cal. 1995).

Plaintiff fails to identify case law that justifies a Rule 59(e) motion. Since plaintiff cannot use a motion to alter judgment as "a vehicle for . . . taking a second bite of the apple," the Court need not consider cases presented in such a motion unless they are intervening law that have a controlling effect on the Court's legal analysis of the issue in question. *Munson v. Murad*, No. 17cv2499-MMA (BGS), 2018 WL 4027007, at *2 (S.D. Cal. 2018); *see also Rademaker v. Paramo*, No. 17-cv-02406-JLB-KSC, 2020 WL 819015, at *1 (S.D. Cal. 2020); *see also Zarcone v. U.S.*, No.

United States District Court
Northern District of California

C 04-01428 WHA, 2004 WL 2196560, at *2 (N.D. Cal. 2004).  Plaintiff's case citations in the instant motion are not controlling, were published before his original complaint, or are not relevant to the excessive force claim.

## CONCLUSION

The Court DENIES plaintiff's motion for altered judgment.

**IT IS SO ORDERED**.

Dated: June 9, 2020

SUSAN ILLSTON
United States District Judge